UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN ANTONELLI,

                  Plaintiff,

      -against-

UNKNOWN TELEMARKETING ENTITY A;
UNKNOWN TELEMARKETING ENTITY B;
UNKNOWN TELEMARKETING ENTITY C;
UNKNOWN TELEMARKETING ENTITY D;
UNKNOWN TELEMARKETING ENTITY E;
JOHN DOES 1-100,

                  Defendants.

26-CV-3454 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Telephone Consumer Protection Act (TCPA), the Truth in Caller ID Act, and New York law, alleging that unidentified telemarketing entities have unlawfully bombarded him with over 170 phone calls and texts during a 12-month period. Plaintiff names as defendants: (1) Unknown Telemarketing Entity A; (2) Unknown Telemarketing Entity B; (3) Unknown Telemarketing Entity C; (4) Unknown Telemarketing Entity D; (5) Unknown Telemarketing Entity E; and (5) John Does 1-100. He seeks monetary relief and "leave to conduct expedited discovery and/or early discovery to identify all Defendants, including unnamed parties, agents, alter egos, co-conspirators, and all persons or entities acting in concert with them." (ECF No. 1, at 6.) By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons that follow, the Court defers ruling on Plaintiff's motion for expedited discovery and the issuance of summonses. Instead, the Court directs Plaintiff, within 30 days of

the date of this order, to (1) submit to the Court copies of all subpoenas that he seeks to serve on telemarketing entities for the Court's review and (2) indicate the basis for venue in the district.

## BACKGROUND

In the complaint, Plaintiff alleges that his phone number has been on the National Do Not Call Registry continuously since July 28, 2016, and that he has never consented to receive telemarketing calls or texts. (ECF No. 1, at ¶¶ 17-18.) He asserts that he has no prior business relationship with Defendants. (*Id*. at ¶ 19.)

Beginning in March 2025, "Defendants initiated a coordinated campaign of unsolicited communications," resulting in at least 170 calls to Plaintiff's cell phone. (*Id*. at ¶¶ 20-21.) He alleges that the calls used prerecorded or artificial voice messages, used similar scripts, and originated from multiple "spoofed or misleading ID numbers." (*Id*. at ¶¶ 22-24.) He also alleges that the callers either did not offer opt-out methods or, if they did, did not honor opt-out mechanisms that Plaintiff used. (*Id*. at ¶¶ 28-29.) Finally, he alleges that Defendants transmitted an unspecified number of text messages. (*Id*. at ¶ 30.)

Plaintiff also submits a memorandum of law in support of his request for expedited discovery. (ECF No. 4.) Although Plaintiff does not provide a sample discovery demand or specify its potential targets, in his memorandum of law, he explains that he "seeks leave to serve subpoenas on telecommunications carriers and related entities to obtain":

- Subscriber and account holder information
- Call detail records
- IP access logs
- Payment and billing records
- Number assignments and porting history
- SIP trunking and VoIP data

- Upstream and downstream carrier relationships

(*Id*. at 4.) Plaintiff alleges that "[w]ithout such discovery, [he] cannot identify or serve Defendants, and the action cannot proceed." (*Id*.)

Plaintiff's complaint alleges that he is a resident of New York, but does not specify which County. Plaintiff's mailing address is in Suffolk County, which is not within this district but is within the Eastern District of New York.

## DISCUSSION

**A.    Reasonableness of the subpoenas**

Rule 26(d) of the Federal Rules of Civil Procedure, titled Timing and Sequence of Discovery, states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." *See Next Phase Distrib., Inc. v. Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) ("A party may seek expedited discovery before the . . . Rule 26(f) conference when authorized by a court order").

"Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)); *see Pearson Educ., Inc. v. Doe*, No. 12-CV-4786 (BSJ) (KNF), 2012 WL 4832816, at *3-4 (S.D.N.Y. Oct. 1, 2012) (collecting cases). This reasonableness test "'requires the party seeking the discovery to prove that the requests are reasonable under the circumstances.'" *KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*, No. 06-CV-3013 (JS) (AKT), 2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006) (quoting *Better Packages, Inc. v. Zheng*, No. 05-CV-4477, 2006 WL 1373055, at *2 (D.N.J. 2006)).

Factors to consider in determining whether there is good cause for expedited discovery include:

> (1) a concrete showing of a *prima facie* claim; (2) a specific discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) a minimal expectation of privacy by the defendant in the requested information.

*Rotten Recs., Inc. v. Doe*, 108 F. Supp. 3d 132, 133 (W.D.N.Y. 2015) (citing *Catlin v. Global,* No. 14–CV–6324L, 2014 WL 3955220, at *2 (W.D.N.Y. Aug. 13, 2014). In sum, good cause exists when "'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *North Atl. Operating Co. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

Although courts have "applied 'particularly careful scrutiny' when plaintiffs seek expedited discovery on an *ex parte* basis," *Digital Sin*, 279 F.R.D. at 241 (quoting *Ayyash*, 233 F.R.D. at 327), courts have approved *ex parte* requests for expedited discovery aimed at identifying unidentified defendants, *see, e.g.*, *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 98.116.99.252*, No. 21-CV-1852 (AJN), 2021 WL 1987383, at *3 (S.D.N.Y. May 18, 2021) (adult film company permitted to "immediately serve a Rule 45 subpoena" on internet service provider to obtain information to identify one of its subscribers, who alleged infringed the plaintiff's copyrights); *Digital Sin*, 279 F.R.D. at 242 (finding that plaintiff established good cause for issuing a Rule 45 subpoena to internet service provider to obtain information to identify one of its subscribers, who alleged infringed the plaintiff's copyrights).

Plaintiff neither provides the Court with copies of the subpoenas that he seeks to serve, nor provides the Court with a list of intended targets of his subpoenas. Similarly, although he provides bullet points of the general categories of documents that he intends to seek through

4

subpoenas, he does not provide the Court with the precise text that he intends to use in his proposed subpoenas. Plaintiff's stated intent to serve subpoenas on an unspecified number of telecommunications carriers "and related entities" does not provide the Court with the specificity to assess the scope and reasonableness of Plaintiff's anticipated subpoenas, particularly the privacy interests of potential defendants and innocent third parties whose information may be revealed in response to subpoenas. *See* Fed. R. Civ. P. 26(b)(1) (Discovery requests must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

The Court therefore lacks sufficient information to assess the reasonableness of Plaintiff's anticipated subpoenas. For that reason, the Court defers on ruling on Plaintiff's request for expedited discovery. Instead, to allow the Court to assess whether "the requests are reasonable under the circumstances,'" *KeyBank, Nat. Ass'n*, 2006 WL 1720461, at *4, the Court directs Plaintiff, within 30 days of the date of this order, to submit to the Court copies of *all* subpoenas that Plaintiff wishes to serve. Once the Court has received and reviewed Plaintiff's proposed subpoenas, the Court will issue an appropriate order as to Plaintiff's request for expedited discovery.

If Plaintiff fails to submit his proposed subpoenas within 30 days of the date of this order, the Court may issue summonses and direct Plaintiff to effectuate service within 90 days or his complaint will be dismissed for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

5

**B.    Venue**

Plaintiff's complaint does not clearly indicate the basis for venue in this district. Because Plaintiff does not know any of Defendants' identities, he cannot establish venue in this district based on their presence here under 28 U.S.C. § 1391(b)(1).

Venue may be proper in this district if a "substantial part of the events or omissions giving rise to the claim" happened in this district. 28 U.S.C. § 1391(b)(2). This could be satisfied if the phone calls and text messages alleged occurred while Plaintiff was in this district. However, if they happened while Plaintiff was in a different district, the Court may transfer this case to the appropriate district.

Plaintiff is directed to submit a letter within 30 days that explains the basis for venue in this district. Should the events have happened in a different district, Plaintiff can consult the listing of districts by county here and request a transfer to a different federal district: https://www.archives.gov/kansas-city/finding-aids/nyc/district-courts

**CONCLUSION**

The Court defers its ruling on Plaintiff's request for expedited discovery. The Court directs Plaintiff, within 30 days of the date of this order, to submit to the Court copies of *all* subpoenas that Plaintiff wishes to serve. Once the Court has received and reviewed Plaintiff's proposed subpoenas, the Court will issue an appropriate order as to Plaintiff's request for expedited discovery. No summons shall issue at this time.

A sample subpoena form is attached to this order.

Plaintiff is also directed to submit a letter within 30 days of the date of this order stating the basis for venue in this district, or requesting a transfer to a different district.

The Clerk of Court is directed to mail an information package to Plaintiff.

6

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  May  12,  2026
        New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge